UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEWIS BOOTH, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>STRATEGIC REALTY TRUST, INC., et al.,<br><br>    Defendants. | Case No.  13-cv-04921-JST<br><br>**ORDER GRANTING MOTION FOR APPOINTMENT OF LEAD PLAINTIFFS AND APPROVAL OF SELECTION OF COUNSEL**<br><br>Re: ECF No. 11 |

## I.    INTRODUCTION

In this securities action, Plaintiffs Lewis Booth and Stephen Drews ("Movants") have moved for an order appointing them as Lead Plaintiffs, and approving their selection of Girard Gibbs LLP ("Girard Gibbs") to serve as Lead Counsel. ECF No. 11. The motion is unopposed. Pursuant to Rule 78(b) of the Federal Rules of Civil Procedure and Civil Local Rule 7-1(b), the Court finds that the briefs have thoroughly addressed the issues, rendering the matter suitable for disposition without oral argument. The hearing on this matter, currently scheduled for February 6, 2014 is hereby VACATED.

## II.   BACKGROUND

### A.    Factual and Procedural History

On October 23, 2013, Movants filed a proposed class action complaint against Defendants Strategic Realty Trust, Inc. ("SRT"), Thompson National Properties, LLC, TNP Strategic Retail Advisor, LLC, TNP Securities, LLC, and numerous individual officers and directors of SRT (collectively, "Defendants"). Complaint for Violations of the Federal Securities Laws ("Complaint"), ECF No. 1. Movants seek to represent a class of SRT common stock purchasers in bringing an action against Defendants for violations of Sections 11, 12(a)(2) and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k, 77l(a)(2), 77p. Complaint ¶¶ 88, 94-136.

Movants filed this motion for Appoinement as Lead Plaintiffs and Approval of Selection of Counsel on December 23, 2013. Defendants have filed statements of nonopposition. ECF Nos. 14 & 15.

### B.     Jurisdiction

Since the Movants' complaint brings claims under the Securities Act of 1933, this Court has jurisdiction pursuant to Section 18 of the Securities Act, 15 U.S.C. § 77v, as well as pursuant to 28 U.S.C. § 1331.

### C.     Legal Standards

#### 1.     Designation of Lead Plaintiff

"[T]he Ninth Circuit [has] laid out a three-step process for identifying the lead plaintiff pursuant to the statutory criteria" of the Private Securities Litigation Reform Act ("PSLRA"). In re Copper Mountain Sec. Litig., 305 F. Supp. 2d 1124, 1129 (N.D. Cal. 2004) (citing In re Cavanaugh, 306 F.3d 726, 729-31 (9th Cir. 2002).[1] "The first step consists of publicizing the pendency of the action, the claims made and the purported class period." Cavanaugh, 306 F.3d at 726. "In step two, the district court must consider the losses allegedly suffered by the various plaintiffs before selecting as the 'presumptively most adequate plaintiff' - and hence the presumptive lead plaintiff - the one who 'has the largest financial interest in the relief sought by the class' and 'otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.'" Id. at 729-30 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)). "The third step of the process is to give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." Cavanaugh, 306 F.3d at 730.

#### 2.     Selection of Counsel

"The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 77z-1(a)(3)(B)(v). "[T]he district court should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently."

---

[1] Cavanaugh and Cohen both cited the PLSRA requirements that apply to lead plaintiffs in Exchange Act actions, 15 U.S.C. § 78u-4(a)(3), but the same principles apply to the substantially identical language that applies to the Securities Act, 15 U.S.C. § 77z-1(a)(3). See Copper Mountain, 305 F.Supp.2d at 1129.

2

Cohen v. U.S. Dist. Court for N. Dist. of California, 586 F.3d 703, 711-12 (9th Cir. 2009) (citing Cavanaugh, 306 F.3d at 732, 734 & n. 14. "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." Cohen, 586 F.3d at 712; see also id. (approvingly citing In re Cendant Corp. Litig., 264 F.3d 201, 276 (3d Cir. 2001), in which the Third Circuit "enumerate[d] factors to consider in conducting this inquiry, including the lead plaintiff's sophistication and experience, the process through which the lead plaintiff selected its candidates for and final choice of lead counsel, the qualifications and experience of selected counsel, and evidence of arms-length negotiations between lead plaintiff and proposed counsel").

### III. ANALYSIS

#### A. Appointment of Lead Plaintiff

Movants declare that they are the first to file a class action subject to the PSLRA relating to the alleged misstatements that form the basis of Movants' Complaint, and they further declare they caused notice to be published on *Business Wire* on October 23, 2013. Exh A. to Declaration of Jonathan K. Levine ("Levine Decl."), ECF No. 12. Movants have therefore fulfilled the notice requirements of 15 U.S.C. § 77z-1(a)(3)(A). Sixty days have elapsed, and no "other member of the purported class" has "move[d] the court to serve as lead plaintiff of the purported class." 15 U.S.C. § 77z-1 (a)(3)(A)(i)(II).

Movants have a substantial financial interest in this case, since they declare that the collectively purchased 25,500 SRT shares during the offering period for a total cost of $255,000. See Exhs. B & C to the Levine Decl. To the best of the Court's and the parties' knowledge, they have the largest financial interest in the relief sought, and they are the only Class Members who "[have] either filed the complaint or made a motion in response to a notice." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). They also appear to *prima facie* satisfy Rule 23's requirements, since their claims arise out of the same events that form the Proposed Class Members' alleged damages and there is no evidence that their interests and motivations are not aligned with the interests of the Proposed Class. The Court must therefore "adopt a presumption that" Movants are "the most adequate plaintiff[s]." Id.

Since no other party has appeared to contest Movants' motion, the statutory presumption remains unrebutted.

### B. Selection of Counsel

Movants' chosen counsel has submitted a resume demonstrating its experience and success in litigating securities class actions. Exh. D. to Levine Decl. The Court has no reason to suspect Movants did not engage in arms-length negotiations with the Proposed Counsel before its selection, nor any reason to suspect Proposed Counsel's interests do not align with the interests of the Proposed Class. Movants appear to have made a reasonable choice of counsel.

## IV. CONCLUSION

For the foregoing reasons:

1. The motion of Lewis Booth and Stephen Drews for appointment as Lead Plaintiff and for approval of their selection of Girard Gibbs LLP as Lead Counsel is GRANTED.

2. Plaintiffs Lewis Booth and Stephen Drews are hereby APPOINTED to serve as Lead Plaintiffs in this action, pursuant to 15 U.S.C. § 77z-1(a)(3)(B).

3. Plaintiffs' selection of Girard Gibbs to serve as Lead Counsel for the Proposed Class is hereby APPROVED, pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(v).

**IT IS SO ORDERED.**

Dated: January 27, 2014



JON S. TIGAR
United States District Judge