Daniel C. Girard (State Bar No. 114826)
Dena C. Sharp (State Bar No. 245869)
Adam E. Polk (State Bar No. 273000)
GIRARD GIBBS LLP
601 California Street, 14th Floor
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
Email:  dcg@girardgibbs.com
Email:  chc@girardgibbs.com
Email:  aep@girardgibbs.com

(Additional Counsel on Signature Page)

Attorneys for Plaintiffs Lewis Booth
and Stephen Drews

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEWIS BOOTH, as Trustee for the Booth Trust dated 11-20-96, and STEPHEN DREWS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STRATEGIC REALTY TRUST, INC. (f/k/a TNP STRATEGIC RETAIL TRUST, INC.), THOMPSON NATIONAL PROPERTIES, LLC, TNP STRATEGIC ADVISOR, LLC, TNP SECURITIES, LLC, ANTHONY W. THOMPSON, CHRISTOPHER S. CAMERON, JAMES R. WOLFORD, JACK R. MAURER, PHILLIP I. LEVIN, ARTHUR M. FRIEDMAN, JEFFREY S. ROGERS, ROBERT N. RUTH, and PETER K. KOMPANIEZ<br><br>Defendants. | CASE NO: 13-CV-04921-JST<br><br>**STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

1. **PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

2. **COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

3. **LIAISON**

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI.  Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

4. **PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a) Only ESI created or received between December 2007 and the present will be preserved;

b) The parties intend to exchange a list of the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, e.g., "HR head," "scientist," and "marketing manager." The parties shall add or remove custodians as reasonably necessary;

c) The parties will agree on the number of custodians per party for whom ESI will be preserved;

d) These data sources are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and ESI from these sources will be preserved but not searched, reviewed, or produced:

1. Plaintiffs are not yet aware of any data sources that are not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B), but will immediately update counsel for defendants should they learn otherwise.

2. Counsel for all defendants are not yet aware of any data sources not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B), but will immediately update the parties should they learn otherwise.

e) Among the sources of data the parties agree are not reasonably accessible, the parties agree not to preserve the following:  Not applicable.

f) In addition to the agreements above, the parties agree data from these sources (a) could contain relevant information but (b) under the proportionality factors, should not be preserved: Not applicable.

## 5. SEARCH

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

## 6. PRODUCTION FORMATS

The parties agree to produce documents in accordance with the Protocol Governing the Production of Electronically Stored Information attached as Exhibit A.  If particular documents warrant a different format or if any party contends that production in accordance with Exhibit A will cause undue burden or expense, the parties will cooperate in good faith to arrange for the mutually acceptable form of production of such documents. The parties agree in any event not to degrade the searchability of documents as part of the document production process.

## 7. PHASING

When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree to prioritize production of documents and records from sources most likely to contain relevant and discoverable information.  Following the initial production, the parties will continue to prioritize the order of subsequent productions.

## 8. DOCUMENTS PROTECTED FROM DISCOVERY

a) Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this

case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

b) The parties have agreed upon a process pursuant to Fed. R. Civ. P. 26(b)(5) and reserve rights to assert privilege as follows:

i) If a producing party has a good faith belief that a privileged document has been inadvertently produced, it shall promptly notify the receiving parties of the claim of privilege;

ii) Upon receipt of any notice claiming privilege with respect to a produced document, all other parties (regardless of whether they agree with the producing party's claim of privilege) shall promptly:

   a. Use reasonable efforts to destroy or sequester all copies of the inadvertently produced documents or material in such party's possession, custody or control, and notify the disclosing party that they have done so; and

   b. Notify the producing party that they have taken reasonable steps to retrieve and destroy or sequester the inadvertently produced documents or material from other persons, if any, to whom such documents or material have been provided, consistent with Rule 26(b)(5)(B).

iii) To the extent a receiving party disputes the producing party's claim of privilege, the receiving party shall notify the producing party of its position within 14 days of receiving the producing party's notice the dispute. Within 14 days of receiving notification of the dispute, the parties shall meet and confer in an effort to resolve their disagreement. If the parties are unable to resolve their disagreement, the parties may submit the issue to the Court for a determination, and may submit any document(s) in dispute under seal in compliance with Rule 26(b)(5)(B).

c) Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

**9.     MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: August 27, 2014                                   Respectfully submitted,

**GIRARD GIBBS LLP**

　　　　　　　　/s/ Dena C. Sharp　　　　　
　　　　　　　　　Dena C. Sharp

Daniel C. Girard
Adam E. Polk
601 California Street, 14th Floor
San Francisco, California 94108
Telephone:     (415) 981-4800
Facsimile:      (415) 981-4846
Email: chc@girardgibbs.com
Email: dcg@girardgibbs.com
Email: aep@girardgibbs.com

-and-

John A. Kehoe
711 Third Avenue, 20th Floor
New York, New York 10017
Telephone:  (212) 798-0159
Facsimile:   (212) 867-1767
Email:  jak@girardgibbs.com

*Lead Counsel for Lead Plaintiffs and the Class*

Peiffer Rosca Abdullah & Carr
Joseph C. Peiffer (pro hac vice)
201 St. Charles Avenue, Suite 4100
New Orleans, Louisiana 70170
Telephone:  (504) 523-2434
Facsimile:   (504) 523-2464
Email:  jpeiffer@praclawfirm.com

| | |
|---|---|
| 1 | Alan L. Rosca (pro hac vice) |
| 2 | 526 Superior Avenue, Suite 401 |
| | Cleveland, Ohio 44114 |
| 3 | Telephone:  (888) 998-0520 |
| | Facsimile:   (504) 586-5250 |
| 4 | Email:  arosca@praclawfirm.com |

*Additional Plaintiffs' Counsel*

Dated: August 27, 2014   **DLA PIPER LLP (US)**

   */s/ David Priebe*
   David Priebe

 2000 University Avenue
 East Palo Alto, CA 94303-2214
 Telephone: (650) 833-2000
 Facsimile:    (650) 833-2001
 Email: david.priebe@dlapiper.com

*Counsel for Strategic Realty Trust, Inc. (f/k/a TNP Strategic Retail Trust, Inc.), Phillip I. Levin, Arthur M. Friedman, Jeffrey S. Rogers, Robert N. Ruth, and Peter K. Kompaniez*


Dated: August 27, 2014   **FIELDS, FEHN & SHERWIN**

   */s/ Gregory J. Sherwin*
   Gregory J. Sherwin

11755 Wilshire Boulevard, 15th Floor
Los Angeles, CA 90025-1521
Telephone: (310) 473-6338
Facsimile: (310) 473-8508

*Counsel for Thompson National Properties, LLC, TNP Strategic Advisor, LLC, TNP Securities, LLC, and Anthony W. Thompson*

5
STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION
CASE NO: 13-CV-04921-JST

| | | |
|---|---|---|
| 1 | Dated: August 27, 2014 | **ORRICK, HERRINGTON & SUTCLIFFE LLP** |
| 2 | | <u>    */s/ James N. Kramer*    </u> |
| 3 | | James N. Kramer |
| 4 | | M. Todd Scott |
| 5 | | The Orrick Building |
|   | | 405 Howard Street |
| 6 | | San Francisco, CA 94105-2669 |
|   | | Telephone: (415) 773-5700 |
| 7 | | Facsimile: (415) 773-5759 |
|   | | Email: jkramer@orrick.com |
| 8 | | Email: tscott@orrick.com |

***Counsel for Christopher S. Cameron, James R. Wolford, and Jack R. Maurer***

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated:  August 28, 2014

<u>                                                                                     </u>
UNITED STATES DISTRICT JUDGE

IT IS SO ORDERED
Judge Jon S. Tigar

# EXHIBIT A

## PROTOCOL GOVERNING THE PRODUCTION OF ELECTRONICALLY STORED INFORMATION (ESI)

**Production of Data:**

ESI is to be produced in 300 DPI Group IV Monochrome Tagged Image File Format (.TIFF or .TIF) files. TIFF files shall be produced in single-page format along with image load files (.DII filed and .OPT file and .LFP file). All documents are to be provided with multi-page searchable text (.TXT) files. These text files and image load files should indicate page breaks, to the extent possible. To the extent produced material contains information subject to a claim of privilege, it shall be produced in the form of a redacted .TIFF image and with OCR of the unredacted portion of the image.

During the process of converting ESI from the electronic format of the application in which the ESI is normally created, viewed and/or modified to TIFF, metadata values should be extracted and produced in a load file ("metadata load file").

To the extent they are available, the metadata values that are to be extracted and produced in the metadata load files (.DAT file using Concordance standard delimiters and .IDX file) are:

Metadata from Email:

    Email Subject

    Email Author

    Email Recipient

    Email CC

    Email BCC

    Email Received Date

    Email Received Time

    Email Sent Date

    Email Sent Time

Metadata from Electronic Files:

    File Name

    File Author

    File Created Date

    File Created Time

    File Modified Time

     File Extension

Data for both Email and Electronic Files

     Custodian or Source

     Original Path

     MD5 Hash

     To the extent reasonably available, the "Custodian" "Source" or "Original Path" field with respect to ESI gathered from an individual's hard drive will provide metadata sufficient to identify the custodian from whose hard drive such ESI has been gathered.

For all documents (for example, email) that contained an attachment, to the extent available, the following fields should be produced as part of the metadata load file to provide the parent/child or parent/sibling relationship.

     Production Number Begin

     Production Number End

     Production Attachment Range Number Begin

     Production Attachment Range Number End

     Attachment Name

     Production Doc Page Count

The parties may de-duplicate identical ESI on a global scale, subject to the parties' good faith agreement to provide any requesting party information about other custodians who possessed or had access to any given ESI record that would be available but for the deduplication.

**Production of Excel and Access ESI**

Unless such materials contain privileged information, MS-Excel spreadsheets and MS-Access databases shall be produced in native format. The metadata load file shall contain a link to the produced MS-Excel spreadsheets and MS-Access database via data values called "Native Link." The Native Link values should contain the full directory path and file name of the MS-Excel spreadsheet and MS-Access database as contained in the produced media.

Production of responsive data contained in relational databases other than MS-Access should be achieved via a report or export of such data to MS-Excel spreadsheets that will be produced.

Producing native MS-Excel files and MS-Access databases should be accompanied by a reference file containing the name of the file and MD5 hash value for each produced file. To the extent such material contains information subject to a claim of privilege, it shall be produced in the form of a redacted .TIFF image and with OCR of the unredacted portion of the image.

**Production of Audio Files**

Audio files are to be produced in the native audio file format in which they were maintained in the ordinary course of business. Produced native audio files should be accompanied by a reference file containing the name of the MD5 hash value for each produced file.  If the audio files are maintained in a non-standard format, they should be produced in MP3 format.

**Bates Numbering**

Bates number and any confidentiality and designation should be electronically branded on each produced TIFF image ESI.  Bates numbers should consist of consecutive characters or connectors without spaces.